RECEIVED AND FILED
James W. Martin, Clerk of Court
Bienville Parish, LA
S/SANDRA K. SETTLE
Friday, November 17, 2017 2:44 PM

44583

| | | |
|---|---|---|
| LORETTA MONK-WHITE and TIMOTHY MONK, each Individually and on behalf of the Estate of their father, JESSIE MONK, deceased | § | NUMBER: 44-583 |
| VERSUS | § | SECOND JUDICIAL DISTRICT COURT |
| ARCADIA NURSING AND REHABILITATION CENTER, L.L.C., D/B/A WILLOW RIDGE NURSING AND REHABILITATION CENTER, L.L.C., DTD HC, L.L.C., AND D&N, L.L.C. | § | BIENVILLE PARISH, LOUISIANA |
| PERMANENT ASSIGNMENT | § | SECTION: |

## PETITION FOR BREACH OF CONTRACT, WRONGFUL DEATH AND SURVIVAL DAMAGES

NOW INTO COURT, comes and appears, through undersigned counsel, LORETTA MONK-WHITE and TIMOTHY MONK, each individually and on behalf of the Estate of their father, JESSIE MONK, being of the age of majority and residents of Louisiana, who respectfully represent:

1. Made defendants in this action are:

**Arcadia Nursing and Rehabilitation Center, L.L.C., d/b/a Willow Ridge Nursing and Rehabilitation Center, L.L.C., a skilled nursing facility doing business at 660 Factory Outlet Mall Drive, Arcadia, Louisiana, who may be served through its registered agent for service of process, UCS of Louisiana, Inc., 3867 Plaza Tower Drive, 1st Floor, Baton Rouge, Louisiana 70816**

**DTD HC, L.L.C., a foreign corporation who owns, operates and manages Arcadia Nursing and Rehabilitation Center, L.L.C., doing business at 3690 Southwestern Boulevard, Orchard Park, New York, 14217, who may be served through Louisiana Long Arm Statute;**

**D&N, L.L.C., a foreign corporation who owns, operates and manages Arcadia Nursing and Rehabilitation Center, L.L.C., doing business at 3690 Southwestern Boulevard, Orchard Park, New York, 14217, who may be served through Louisiana Long Arm Statute;**

2. Plaintiffs are: Loretta Monk-White and Timothy Monk, children of Jessie Monk, and Loretta Monk-White is the Tutrix of the Estate of Jessie Monk, and brings this action, Individually and on behalf of Mr. Monk's Estate.

3. All plaintiffs are of the age of majority and live in

4. This is a claim for breach of contract, violation of rights, negligence and damages sought for wrongful death, survival and pecuniary and non-pecuniary damages.

5. Mr. Jessie Monk was a resident of Arcadia Nursing and Rehabilitation Center,


DEFENDANT'S EXHIBIT
Exh. 1

L.L.C., d/b/a Willow Ridge Nursing & Rehabilitation Center, L.L.C. (hereinafter "Willow Ridge") located at 660 Factory Outlet Mall Drive, Arcadia, Louisiana from May 25 2017 until August 4, 2017.

6. Jurisdiction is proper, as defendants are not entitled to medical review panel, as the claims presented herein are not related to medical treatment, but are based upon negligence, breach of contract and breach of duty for custodial care.

7. The evidence will show that on or about August 4, 2017, Mr. Monk fell outside the nursing home facility when he was allowed to roll his wheelchair outside the facility into the parking lot without any assistance nor supervision from the staff resulting in his falling out of the wheelchair.

8. As a result of the fall, he suffered a fracture of his C2-C3 vertebra and his left femur.

9. Defendants had agreed to provide care and services in accord with all regulations, licensure standards in exchange for payment of approximately $6,000 per month which include general and custodial care of supervision and assistance.

10. Defendants, Willow Ridge, DTD HC, L.L.C., and D&N, together breached their duty and breached their contract in which they promised to plaintiff, Loretta Monk, to provide proper care in accord with all laws and regulations governing payment and to provide "peace of mind" to Loretta Monk. In fact, defendants had advertised, promoted and promised their nursing home had sufficient numbers of staff to keep a close eye and to provide supervision and assistance in compliance with all regulations in return for payments under their contract and admission agreement.

11. Further, it should be noted that Mr. Monk was not being provided medical care at the time of this August 4, 2017 and was not being loaded into the van at the time of the fall, but was allowed to exit the facility without any assistance or supervision by the staff into the parking lot area to wait on the dialysis van.

12. The nursing home breached its duty to keep the patient safe and under close supervision. Instead, he was allowed to exit into the August heat in a parking lot unattended to wait when he fell out of the wheelchair and suffered these injuries.

13. The nursing home failed to take reasonable precautions to prevent this fall;

failed to secure him in the wheelchair; failed to ensure he was supervised and assisted, and as a direct result, Mr. Monk suffered permanent disabling injuries from which he was unable to recover.

14. At no time did the nursing home staff, agents or employees advise the family, nor their patient, Mr. Monk, that they were unable to provide the level of care he required to keep him safe.

15. The evidence shows that Mr. Monk suffered repeated falls and injuries due to negligence and breach of duty, breach of contract of defendants, and that as a proximate and direct result, he suffered a, intertrochanteric fracture which led to and significantly contributed to continued pain, suffering, decreased chance of survival, decreased quality of life and eventual death on September 15, 2017.

16. It is alleged that as a direct and proximate result of defendants' negligence and breaches, Mr. Jessie Monk died, and as a result of the wrongful death of Jessie Monk, plaintiffs herein, Loretta Monk and Timothy Monk, have suffered loss of love and affection, loss of services, loss of support and monetary damages.

17. Additionally, plaintiffs herein are entitled to recover damages, survival damages suffered by Mr. Monk from the continued abuse, neglect, breach of duty and damages he suffered at the hands of defendant up until his death on September 15, 2017, including damages for physical pain and suffering, emotional pain and suffering, abuse, pre-death fear, disability, disfigurement, medical expenses, lost chance of survival, lack of being treated with dignity, respect, and individuality; decreased quality of life; emotional distress; pain and suffering, untimely and painful death.

18. It will be shown that as a result of the breach of contract by defendants, plaintiffs herein suffered both pecuniary and non-pecuniary damages along with all costs for which his Estate is entitled to recover together with all costs of these proceedings.

WHEREFORE, PLAINTIFFS PRAY THAT:

Defendants, ARCADIA NURSING AND REHABILITATION CENTER, L.L.C., D/B/A WILLOW RIDGE NURSING AND REHABILITATION CENTER, L.L.C., DTD HC, L.L.C., AND D&N, L.L.C., each be served with a copy of this Original Petition and be cited to appear and answer same;

FURTHER PRAYS that after all legal delays and due proceedings had that there be judgment herein in favor of your petitioners for all damages of wrongful death, survival, breach of contract, breach of fiduciary duty and negligence, including all damages for physical pain and suffering, mental/emotional pain and suffering; loss of love and affection; loss of quality of life, decrease in life expectancy, medical bills and funeral expenses, loss of support; mental anguish; breach of contract damages including pecuniary and non-pecuniary losses, disability, disfigurement; loss of love, affection, support, lost chance of survival, decreased quality of life, violation of rights , and all other damages allowable under law against the defendants, ARCADIA NURSING AND REHABILITATION CENTER, L.L.C., D/B/A WILLOW RIDGE NURSING AND REHABILITATION CENTER, L.L.C., DTD HC, L.L.C., AND D&N, L.L.C., for amounts as may be reasonable in the premises, with legal interest thereon, from date of judicial demand until paid together with all costs of these proceedings to include the costs for all expert witnesses of any description, including but not limited to medical experts together with all judicial interest from the date of filing;

FURTHER PRAYS for judgment against the defendant for deprivation of infringement of the rights of Mr. Jessie Monk as enumerated in the Louisiana Residents' Bill of Rights of which defendant contracted at all times to protect and provide, including her right to be informed of his medical condition; to have received adequate and appropriate health care and protection; to be free from accidental hazards; to receive a prompt response to all reasonable requests and inquiries; to have significant changes in his health status reported to him and his family, together with costs for the breach of contract including both pecuniary and non-pecuniary damages.

FURTHER PRAYS for all other relief as may be necessary in the premises.

Respectfully submitted,

LAW OFFICES OF GIA KOSMITIS
A Professional Law Corporation
Attorneys for Plaintiff

BY: _____
Georgia P. Kosmitis
Attorney at Law
Bar Roll No. 19355
Harry S. Johnson
Bar Roll No. 35184
3316 Line Avenue
Shreveport, Louisiana 71104
(318) 865-9800
(318) 865-0809 (facsimile)

**Please Serve:**

**Arcadia Nursing and Rehabilitation Center, L.L.C.,
d/b/a Willow Ridge Nursing and Rehabilitation Center, L.L.C.
through its registered agent for service of process,
UCS of Louisiana, Inc.
3867 Plaza Tower Drive, 1st Floor
Baton Rouge, Louisiana 70816**

**DTD HC, L.L.C.
Via Louisiana Long Arm Statute at
3690 Southwestern Boulevard
Orchard Park, New York, 14217**

**D&N, L.L.C.
Via Louisiana Long Arm Statute at
3690 Southwestern Boulevard
Orchard Park, New York, 14217**

| | | |
|---|---|---|
| LORETTA MONK-WHITE and TIMOTHY MONK, each individually and on behalf of the Estate of their father, JESSIE MONK, deceased | § | NUMBER: **44 - 583** |
| VERSUS | § | SECOND JUDICIAL DISTRICT COURT |
| ARCADIA NURSING AND REHABILITATION CENTER, L.L.C., D/B/A WILLOW RIDGE NURSING AND REHABILITATION CENTER, L.L.C., DTD HC, L.L.C., AND D&N, L.L.C. | § | BIENVILLE PARISH, LOUISIANA |
| PERMANENT ASSIGNMENT | § | SECTION: |

### REQUEST FOR TEN DAYS NOTICE
### OF SETTING AND NOTICE OF JUDGMENT

Plaintiffs, LORETTA MONK-WHITE and TIMOTHY MONK, each individually and on behalf of the Estate their father, JESSIE MONK, Deceased, petitioners in the above styled and numbered cause, request that they be given a minimum of ten (l0) days written notice in advance, through their counsel of record, Georgia P. Kosmitis, 3316 Line Avenue, Shreveport, Louisiana 71l04, in accordance with the provisions of Article l572, l9l3 and l9l4 of the Louisiana Code of Civil Procedure, of the date that this cause is to be fixed for trial; settings or argument, motions or hearings and notice of judgment or partial judgment.

Respectfully submitted,

**FILED**
James W. Martin
Clerk of Court

NOV 17 2017

Parish of Bienville
By /S/ SANDRA K. SETTLE
Deputy Clerk

LAW OFFICES OF GIA KOSMITIS
A Professional Law Corporation
Attorneys for Plaintiff

BY: _____
Georgia P. Kosmitis
Attorney at Law
Bar Roll No. 19355
Harry S. Johnson
Bar Roll No. 35184
3316 Line Avenue
Shreveport, Louisiana 71104
(318) 865-9800
(318) 865-0809 (facsimile)

**Please serve with petition**